UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE PROJECT SCHOOL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:12-cv-01028-SEB-DKL |
| vs. ) | |
| ) | |
| CITY OF INDIANAPOLIS and GREGORY ) | |
| A. BALLARD, *in his official capacity as* ) | |
| *Mayor of Indianapolis/Marion County,* ) | |
| *Indiana*, ) | |
| ) | |
| Defendants. ) | |

**ORDER DISSOLVING TEMPORARY RESTRAINING ORDER**

On July 31, 2012, the Court issued its Order Denying Plaintiff's Motion for Preliminary Injunction [Docket No. 23].  By virtue of that order, we denied Plaintiff's request for an expedited, consolidated hearing and denied Plaintiff's motions for preliminary and permanent injunctive relief.  Now before the Court is Defendants' Motion to Dissolve Temporary Restraining Order [Docket No. 24], which, being duly advised in the premises, we GRANT.

This lawsuit commenced in the Marion Superior Court [Cause No. 49D11-1207-CC-029039] before Defendants removed the action to federal court.  Prior to removal, the state court granted a temporary restraining order (TRO) in Plaintiff's favor. The order, issued July 24, 2012, enjoined Defendants from any activities that would have effectively prevented Plaintiff from beginning classes at The Project School's Indianapolis

1

location on August 6, 2012.   The TRO further stated, "It is further ordered, adjudged, and decreed that pending a hearing and determination of Plaintiff's request for preliminary injunction, Defendants are temporarily restrained and enjoined" from the same activities. August 3, 2012 at 4:00 p.m. was the listed expiration date.

A party that removes its case to federal court "has a right to have its further progress governed by the law of the latter court, and not by that of the court from which it was removed."   *Granny Goose Foods, Inc. v. B'hood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438 (1974).   Once a lawsuit comes to federal court, the Federal Rules of Civil Procedure govern the mode of proceedings.   *Id.*; Fed. R. Civ. P. 81(c).   In the instant matter, Rule 65 vested this court with discretion to grant injunctive relief or hold an expedited hearing.   We have elected to deny injunctive relief and forgo a hearing for the reasons set forth in the order issued yesterday.

Under federal law, a TRO serves a limited purpose and "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."   *Granny Goose Foods, Inc.*, 415 U.S. at 439.   In this lawsuit, the Court ruled that it was not necessary to hold a hearing on the merits of injunctive relief.   Thus, clearly, the interests of justice and efficiency militate against preserving the status quo, given our determination that Mayor Ballard acted within his lawful authority in revoking The Project School's charter.   Bearing in mind the need to facilitate the transitions of former students, faculty, and staff, there is no reason for the state court's TRO to remain in effect.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the TRO previously issued by the Marion Superior Court in this matter is hereby DISSOLVED.

Date: _08/01/2012_

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Sean Thomas Devenney
DREWRY SIMMONS VORNEHM, LLP
sdevenney@drewrysimmons.com

Jayme E. Donnelson
DREWRY SIMMONS VORNEHM, LLP
jdonnelson@dsvlaw.com

Amanda J. Griffith
Office of Corporation Counsel
agriffith@indy.gov

Andrew J. Mallon
DREWRY SIMMONS VORNEHM, LLP
amallon@drewrysimmons.com

Clifford R. Whitehead
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
clifford.whitehead@indy.gov

Alexander Phillip Will
OFFICE OF CORPORATION COUNSEL
awill@indygov.org